IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:02CR088 – |
| | § | ALM-CAN |
| SHANE DONNTA JONES (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 11, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Jay Combs.

On July 1, 2003, Defendant was sentenced by the Honorable United States District Judge Paul Brown after pleading guilty to the offense of Conspiracy to Manufacture, Distribute, Possess, and Dispense Cocaine Base (Crack)/Marijuana, a Class A Felony. Defendant was sentenced to 145 months imprisonment followed by a five (5) year term of supervised release. Pursuant to a motion filed by the Defendant under Title 18 U.S.C. §3582(c)(2), imprisonment was reduced to 120 months on November 14, 2011. His term of supervised release was subject to the standard conditions of release, plus special conditions to include drug testing and treatment, no new credit, access to financial information, a $2,000 fine, and $100 special assessment. On March 9, 2012, Shane Donnta Jones completed his period of imprisonment and began service of the supervision term.

On May 16, 2016, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 688 Sealed]. The Petition asserted that Defendant violated eight (8) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not illegally possess a controlled substance; (3) Defendant shall not leave the judicial district without permission of the Court or probation officer; [sic] (5) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; [sic] (6) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation office; [sic] (7) Defendant shall notify the probation officer ten days prior to any change of residence or employment; [sic] (8) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and [sic] (9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

The Petition alleges that Defendant committed the following acts: (1) On April 9, 2016, Defendant was arrested by the Texas Department of Public Safety in Centerville, Texas, for Possession of Marijuana Over 4oz Under 5lbs, a state jail felony. Defendant was released on bond that same day, and charges are pending; (2) On May 5, 2016, the defendant violated Title 18 U.S.C. § 1001, by knowingly and willfully making a materially false, fictitious, or fraudulent statement or representation by failing to include in his monthly report his arrest on April 9, 2016; (3) On April 9, 2016, Defendant was arrested in Centerville, Leon County, Texas, which is outside the Eastern District of Texas. Defendant did not have permission to travel outside the judicial district; [sic] (5) Defendant failed to submit monthly reports for October 2015, and was

REPORT AND RECOMMENDATION – Page 2

delinquent in submitting his monthly reports for November 2015, December 2015, and January 2016. On April 9, 2016, Defendant was instructed by email to report to the United States Probation Office on April 20, 2016. Defendant failed to show for the office visit. On May 5, 2016, the defendant failed to submit a truthful and complete written report by failing to disclose his April 9, 2016, arrest on his monthly supervision report; [sic] (6) During an office visit on May 13, 2016, when asked if he has had police contact, Defendant failed to disclose his April 6, 2016, contact with the Texas Department of Public Safety and subsequent arrest; [sic] (7) On March 19, 2016, an unannounced home visit and was conducted at 1215 North Hurt Street, Sherman, Texas. SUSPO Jesus Perez was told by an occupant of the residence that the defendant no longer resided at the residence. Defendant failed to notify the probation officer ten days prior to this change in residence; [sic] (8) On April 9, 2016, Defendant was in a vehicle with James Lvert Rudd, a convicted felon who is currently on parole. Defendant did not obtain permission from the probation officer to associate with Rudd; and [sic] (9) Defendant failed to inform the probation officer of his arrest on April 9, 2016, within 72 hours of such arrest.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1), three (3), five (5), six (6), seven (7), eight (8) and nine (9) of the Petition. The Government withdrew allegation two (2). Having considered the Petition and the plea of true to allegations one (1), three (3), five (5), six (6), seven (7), eight (8) and nine (9), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons North Texas area facility, if appropriate.

**Sep 8, 2016**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE